## Novinger v. Barnhart, Executrix

*P. W. Fetterhoff*, for petitioner.
*Woodside, Hutchison & Scott*, contra.

Fox, J., May 22, 1937.—In this case a petition was granted upon executrix for a rule to show cause why she should not perfect petitioner's title to shares of stock therein referred to, by assigning them to him with the power of attorney therefor.

To this petition an answer was filed, which in substance is that respondent has no knowledge of the facts alleged in the petition, but admits that there are not sufficient assets in the estate to pay decedent's $200 note upon which petitioner was surety. She alleges that the stock is the property of the estate. She asks that the rule be discharged.

Testimony was taken, and we find as a fact from the testimony that the estate is insolvent and cannot pay the note referred to in the petition, and that petitioner has no security for the said note other than the shares of stock mentioned in the petition, and none on the note of decedent on which he is surety.

It is admitted that the shares of stock were delivered by decedent, Lloyd J. Novinger, to his brother Raymond D. Novinger as collateral security for the payment of these notes. The shares of stock were not signed by Lloyd J. Novinger. The request here is that executrix be directed to execute an assignment of these shares of stock. Raymond D. Novinger cannot have the shares of stock transferred either by sale or otherwise, unless this be

done. The several companies in all probability would not transfer the shares of stock without such assignment, and we are of the opinion that petitioner is entitled to the same so as to convert them and save himself in the loans and obligations he has assumed and for which he is liable. It may be that the proceeds of the sale of the several shares of stock will amount to more than the indebtedness of the estate to Raymond B. Novinger, and, if so, the shares having been assigned as collateral, the excess proceeds of the sale should be turned over to the executrix of the said estate.

Wherefore, we are of the opinion that petitioner is entitled to the same so as to convert them and save himself in the loans and obligations he has assumed and for which he is liable, and that the rule should be made absolute and executrix be directed to assign the shares of stock as prayed for.

And now, May 22, 1937, upon due consideration the rule is made absolute, and Margaret A. Barnhart, executrix of the estate of Lloyd J. Novinger, deceased, is hereby directed to assign the said shares of stock to the said Raymond D. Novinger.